**In the Matter of: William LEVY, Respondent.**

No. 49S00-0701-DI-19.

Supreme Court of Indiana.

June 4, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent drafted a will for M.H., which left valuable property to both Respondent and his wife (a remainder interest in real property and antiques, respectively). The will also appointed Respondent as M.H.'s personal representative. Neither Respondent nor his wife are related to M.H. After M.H.'s death, Hurley's nephew challenged these provisions of the will. The probate court eventually removed Respondent as personal representative and invalidated the bequests to Respondent and his wife.

The parties agree to the following mitigating facts: (1) Respondent understands

his conduct was improper and he is remorseful; (2) Respondent cooperated with the investigation; (3) Respondent and his wife were close friends of M.H. and he had represented her in other matters; (4) Respondent has practiced law for almost 41 years and served as a judge of the Marion County Municipal Court for seven years; and (5) neither Respondent nor his wife ultimately benefited from the will provisions. The one aggravating fact is a prior 30–day suspension from the practice of law. *See In re Levy,* 726 N.E.2d 1257 (Ind.2000).

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.8(c), which prohibits a lawyer from preparing an instrument for a non-relative giving the lawyer or person related to the lawyer a substantial gift.

**Discipline:** The parties agree the appropriate sanction is a 60–day suspension with automatic reinstatement. This sanction is within the range imposed in other cases involving similar misconduct. *See In re Watson,* 733 N.E.2d 934 (Ind.2000). The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of sixty (60) days, beginning July 14, 2007, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.