### In the Matter of Frederick A. ZIRKLE, Respondent.

### No. 45S00–0812–DI–631.

Supreme Court of Indiana.

Aug. 21, 2009.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable William E. Davis, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs and pleadings of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Preliminary matters:** The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on December 5, 2008. After receiving a 30–day extension of time to file an answer, Respondent tendered an answer for filing several days late. The hearing officer denied Respondent's motion for leave to file the answer belatedly and according took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

On April 13, 2009, Respondent filed a document ("Omnibus Motion") containing several motions, including requests to reinstate motions he had previously withdrawn in open court and a renewed request to be permitted to file an untimely answer. It is unclear whether the Omnibus Motion was addressed to the hearing officer or to this Court, and the hearing officer did not rule on it. This Court concludes that all requests in the Omnibus Motion should be denied. In particular, the Court notes that Respondent's tendered answer, in addition to being untimely, contains a number of defects, including failure to admit or deny the allegations of the complaint in the manner required by Admission and Discipline Rule 23(14)(b) and the inclusion of legal argument and accusations against third parties. We conclude the hearing officer did not err in denying Respondent leave to file his untimely, defective answer.

The hearing officer filed his report on April 20, 2009. Neither the Commission nor Respondent filed petition for review of the hearing officer's findings. Accordingly, we accept the hearing officer's findings but reserve final judgment as to misconduct and sanction. *See Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

**Facts:** Respondent engaged in eight counts of professional misconduct that include repeated violations of rules prohibiting improper fee arrangements, including the improper use of nonrefundable retainers, improper billing practices, failure to refund unearned fees, charging unreasonable fees, charging a minimum of ¼ hour for any work (including such tasks as review of a short email), charging lawyer rates for clerical work, charging for work that did not benefit his clients, charging for work done after being discharged, charging for work done to undo the results of earlier mistakes, charging former clients for costs involved in responding to grievances, neglecting clients' cases, providing and charging for incompetent services, failing to communicate with clients and respond to their requests for information, and failing to appear at hearings.

In addition, in one count, Respondent repeatedly violated an order in limine in a criminal case during voir dire and read to prospective jurors a newspaper article critical of the prosecutor, which caused a mistrial. In another count, Respondent counseled his client in a dissolution case on how to evade a court order not to remove the couple's children from the county by giving the appearance of remaining in the county while moving to Ohio. At a hearing in this case, Respondent falsely told the court that his client continued to reside in the county.

A fact in aggravation is that Respondent has been the subject of three recent show cause proceedings under Admission and Discipline Rule 23(10)(f) for failure to cooperate with the Commission's investigation of a grievance. *See* 45S00–0808–DI–454 (dismissed 9/12/08); 45S00–0906–DI–279 (dismissed 7/14/09); 45S00–0907–DI–318 (still pending). The Court finds no facts in mitigation.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.2(d): Counseling or assisting a client in conduct the lawyer knows to be criminal or fraudulent.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Charging an unreasonable fee.

1.16(d): Failure to refund an unearned fee promptly and failure to withdraw from representation after being discharged.

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

3.5(a): Seeking to influence a judge, juror, prospective juror or other official by means prohibited by law.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least two years, without automatic reinstatement, beginning October 1, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition

this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.