**In the Matter of Charles W. BEACHAM, Respondent.**

No. 82S00–0906–DI–269.

Supreme Court of Indiana.

Sept. 30, 2010.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Barbara L. Brugnaux, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Neither Respondent nor the Commission filed a petition for review of the hearing officer's finding of facts. Thus, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

Respondent was admitted to practice law in Indiana in 2003 and in Illinois in 1969. Respondent is not a member of the Florida bar, although such admission is not necessary to appear pro hac vice in the

federal courts in Florida. In 2001, a resident of Florida ("AB") retained Respondent to represent her in pursuing various claims against her employer, the U.S. Postal Service ("USPS"). The case was settled by agreement. AB referred another Florida postal service employee ("CD") to Respondent, who filed a complaint for CD in a Florida district court. On May 11, 2004, the district court entered summary judgment against CD on all claims, ruling among other things that certain of the claims were preempted by federal remedial statutes.

On December 17, 2003, AB again retained Respondent to represent her in pursuing new claims against the USPS. The written fee agreement required a "nonrefundable retainer of $5,000" and provided that Respondent's fee would "the greater of the hourly rate of $200 per hour or twenty five percent of the net recovery." The fee agreement stated that AB "shall be billed on a monthly basis" and that she was "entitled to receive a written, itemized bill on a regular basis at least every 60 days." Respondent and AB orally agreed that notwithstanding the actual monthly billing, AB would pay Respondent $1,000 per month, which AB did for 30 months from January 2004 until June 2006.

AB's case was a fairly routine employment discrimination case. After exhausting various administrative remedies, on November 22, 2004, Respondent filed a 38-page complaint on AB's behalf in a Florida district court. The claims included claims of the type found preempted in CD's case. The work done by Respondent in litigating these claims provided no value to AB. Respondent's work product was of poor quality and rambling, which tends to increase hourly fees. The district court eventually dismissed all but one of AB's claims.

AB began requesting interim billing statements in October 2004. Respondent sent no interim statements, however, until April 2006, by which time he asserted an hourly fee total of $220,684. AB was shocked that the attorney fees were so high. The parties' relationship deteriorated, and Respondent withdrew from the representation. Respondent sent a final bill showing an hourly fee total of $233,484. Eventually, at the recommendation of new counsel, AB settled the case for $20,000. Respondent filed a complaint against AB in Indiana to collect unpaid attorney fees. AB did not appear at the trial, and the court entered default judgment for Respondent for $195,000. AB has since filed for bankruptcy relief.

Facts in aggravation include: (1) Respondent maintains that he breached no obligation to keep AB informed of the status of his escalating fees; (2) by filing his fee collection action in Indiana, Respondent intended to make AB's defense as difficult as possible; and (3) Respondent continues to insist he is entitled to the full fee he billed.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Charging a nonrefundable retainer and a fee that is unreasonable in amount.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning November 12, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension,

and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged. The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.