### In the Matter of Barbara A. TRANSKI, Respondent.

### No. 46S00–0806–DI–346.

Supreme Court of Indiana.

June 23, 2011.

## PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable William E. Davis, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent admits the Commission's factual allegations and the charged rule violations. Neither party filed a petition for review of the hearing officer's report. We therefore accept and adopt the hearing officer's findings but reserve final judgment as to misconduct and sanction. *See Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

*Count 1.* Shortly after Client A retained Respondent, this Court suspended Respondent for 90 days with automatic reinstatement. Respondent did not inform Client A of this, and two days before reinstatement, Respondent wrote to Client A about her case. After Client A lost in the trial court, Respondent was paid to take an appeal. She failed to file an appellant's brief, and the appeal was dismissed. Over four months later, she informed Client A that the appeal had been denied but falsely told her she had no documentation about it. Respondent made a partial refund of her fee. When Client A filed a grievance against her, Respondent failed to respond in a timely manner. When she did respond, she provided the Commission with a letter addressed to Client A purportedly confirming Client A's decision not to appeal. Respondent fabricated this letter after-the-fact to misrepresent to the Commission that she had sent the letter to Client A.

*Count 2.* Client B retained Respondent to file a name-change petition. Respondent did not file a petition and failed to respond to Client B's requests for information. When Client B filed a grievance against her, Respondent failed to respond in a timely manner. Respondent returned her fee to Client B and agreed to file a petition at no charge. Respondent again

failed to file a petition and to respond to Client B's requests for information.

*Respondent's mental disability.* Respondent has been diagnosed with untreated major depression and anxiety disorder. She began treatment for these conditions and is committed to working toward recovery. She voluntarily consulted with the Judges and Lawyers Assistance Program ("JLAP") and entered into a JLAP monitoring agreement, with which she has been completely compliant. Respondent is working with an experienced and highly-regarded JLAP monitor/mentor. She has improved the way she manages her busy general law practice. The hearing officer found that Respondent's rehabilitation makes recurrence of her misconduct unlikely.

*Other facts.* A fact in aggravation is Respondent's disciplinary history. Facts in mitigation are Respondent's cooperation with discovery, her remorse, her lack of any dishonest or selfish motive, and her service to an underserved low-income community.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information. 1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

8.1(a): Knowingly making a false statement of material fact to the Dis-

ciplinary Commission in connection with a disciplinary matter.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

In addition, we find that Respondent violated Indiana Admission and Discipline Rule 23(26)(b), which prohibits an attorney, while suspended, from maintaining a presence or occupying an office where the practice of law is conducted.

**Discipline:** The hearing officer recommends suspension of six months, with 30 days served and the rest stayed subject to two years of probation, with supervision by mental health professionals, JLAP, and a mentor/monitor. We might be inclined to impose the recommended discipline but for Respondent's fabrication of a document to mislead the Commission. In *Matter of Barratt*, 663 N.E.2d 536 (Ind.1996), we imposed a one-year suspension without automatic reinstatement on an attorney who deliberately created a false document to bolster his position in a law suit and later attempted to use it to extricate himself from a disciplinary investigation. Mental or emotional disability cannot excuse deliberate, deceitful behavior that compromises the integrity of the legal system, including the Commission's investigation of attorney misconduct. Dishonesty in any form and at any stage of the disciplinary process cannot and will not be tolerated. While we are cognizant of the contribution Respondent's untreated depression and anxiety made to her misconduct and we commend the steps Respondent has taken toward recovery, we nevertheless conclude that Respondent must be required to go through the reinstatement process before resuming the practice of law in this state.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning August 5, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except RUCKER, J., who dissents.

SHEPARD, Chief Justice, concurring.

Respondent's offenses include two actions, lying to a client about having filed an appeal she did not file and fabricating a false document in response to the Disciplinary Commission, that ordinarily warrant an even stronger sanction than the one entered today. Particularly in light of Respondent's record of previous discipline, (including a ninety-day suspension in 2003 for acts that included dishonesty), the one-year suspension without automatic reinstatement ordered in *Matter of Barratt* would be warranted. I have voted for a lesser penalty largely out of respect for the recommendation of hearing officer Judge William E. Davis and in reliance on Respondent's mentor, Judge Mary Beth Bonaventura. I hope that Respondent's health may be restored and that at some future date she may be judged reliable enough to serve clients.

RUCKER, Justice, dissenting.

Judge Davis, the hearing officer in this case, recommended that Respondent be suspended from the practice of law for a period of six months with all but 30 days suspended to two years probation. The hearing officer further recommended that the terms of probation must include, among other things, fulfilling all requirements of a presently in-place JLAP Monitoring Agreement, complying with the recommendations of Respondent's mental health professionals, as well as the recommendations of Respondent's JLAP Mentor/Monitor—Judge Mary Beth Bonaventura.

I would accept the hearing officer's recommendations for at least two reasons. First, although the majority makes much of the fact that Respondent fabricated a document to mislead the Commission, the Commission itself does not ask for more stringent discipline than that recommended by Judge Davis. Second, and more importantly, Judge Davis made a specific factual determination that Respondent's "mental disability *caused* the misconduct in this case." Findings of Fact Number 40 (emphasis added). The Com-

mission does not contest this determination.

It is certainly the case that this Court is not bound by the recommendation of the hearing officer in a lawyer disciplinary action. However, I can discern no reason to deviate from the recommendations made by Judge Davis here. Therefore I dissent.