**In the Matter of Bruce A. LAMBKA, Respondent.**

No. 45S00–1008–DI–405.

Supreme Court of Indiana.

July 21, 2011.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Diane R. Boswell, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in profes-

sional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed its "Verified Complaint for Disciplinary Action" on August 2, 2010. Respondent filed an answer, and the hearing officer held an evidentiary hearing, at which Respondent appeared pro se. Neither party filed a petition for review of the hearing officer's report or brief on sanctions pursuant to Admission and Discipline Rule 23(15)(a). When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

Respondent represented a client who was sued by a customer in 1999 for breach of warranty, fraud, and deceptive business practices. Respondent stopped communicating with the client in May 2000. As a result, the client failed to appear at an court-ordered mediation and later at a trial set in October 2003. Respondent testified that he was at the courthouse at the time the trial was set and could have asked the judge for a continuance, but he decided to allow a default judgment to be entered and hoped to have it set it aside in the future. The court entered judgment of $35,660 against the client. (There is no evidence that Respondent attempted to have it set aside.)

The plaintiff sought proceedings supplemental, at which neither Respondent nor the client appeared. In January 2004, the client received a notice of contempt and order to appear in the court. This was the first information the client had received about the case since 2000. Respondent did not respond to the client's attempt to contact him about the notice. The client sought bankruptcy relief in 2004.

Facts in aggravation are: (1) Respondent's failure to appear at the trial was deliberate rather than inadvertent; and (2) Respondent did not cooperate with the Lake County Bar Association or with the Commission in their investigations of this matter. In addition, Respondent has a lengthy history of suspensions from practice:

Continuing Legal Education ("CLE") noncompliance suspension, 5/20/98; reinstated 6/4/98.

CLE noncompliance suspension, 5/11/99; reinstated 7/1/99.

CLE noncompliance suspension, 4/17/01; reinstated 5/17/01.

CLE noncompliance suspension, 5/3/05; reinstated 8/22/05.

45S00–0601–DI–9: Show cause petition filed 1/19/06. Dismissed with costs 3/10/06.

45S00–0605–DI–180: Show cause petition filed 5/17/06. Dismissed with costs 6/30/06.

CLE noncompliance suspension, 5/22/07; reinstated 6/4/07.

CLE noncompliance suspension, 5/21/08; reinstated 7/17/08.

Dues nonpayment suspension, 5/21/08; reinstated 7/26/08.

45S00–1002–DI–111: Show cause petition filed 2/21/10. Suspended for non-cooperation 5/28/10. Reinstated on certificate of compliance 6/14/10.

CLE noncompliance suspension, 6/8/10; reinstated 7/21/10.

Dues nonpayment suspension, 6/8/10; reinstated 7/26/10.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

Discipline: For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year and six months, without automatic reinstatement, beginning September 2, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.