### In the Matter of Ayeshah F. JOHNSON, Respondent.

### No. 29S00–1103–DI–163.

Supreme Court of Indiana.

March 13, 2012.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable James R. Detamore, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction."

*Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

In March 2005, Respondent began a solo family law practice. Respondent relied on a paralegal's instructions regarding setting up a client trust account and establishing the means for clients to make credit card payments. She admits that she made a mistake in not exercising her own judgment in these matters.

Respondent failed to maintain complete trust account records for a period of five years. She failed to keep records that explained all receipts and withdrawals from her trust account. Respondent wrote checks on the trust account made payable to "Self" or to "Cash" with no identified purpose. She deposited funds from her business account and from credit card payments into her trust account without any records of purpose of the funds or to whom they belonged. She deposited funds for a filing fee from a client into the trust account, but she never paid a filing fee for the client from the account. She paid herself earned fees from client funds in her trust account by a monthly electronic transfer to her business account. On multiple occasions, the withdrawals did not match the amount of earned fees shown on the client invoices. On occasion, she failed to deposit unearned fees in the trust account, and she failed to promptly withdraw earned fees. As a result of her accounting failures, Respondent used funds maintained for some clients to pay other clients' expenses. She did not maintain a nominal balance in the trust account to pay credit card processing fees. Her attorney trust account became overdrawn, apparently as a result of the automatically withdrawn credit card processing fees.

The hearing officer found the following fact in aggravation: Respondent was not initially cooperative with the Commission's investigation, and when she did respond,

she provided inaccurate and misleading information.

The hearing officer found the following facts in mitigation: (1) Respondent has no disciplinary history (except for the CLE suspension noted below); (2) Respondent's misconduct was not due to a dishonest or selfish motive; (3) no client suffered financial loss because of Respondent's negligence; (4) Respondent has educated herself regarding the proper handling and safeguarding of client's funds and the management of trust accounts; (5) Respondent was relatively inexperienced in the practice of law and law office management; (6) at the time of the misconduct, Respondent was suffering from personal and emotional problems; and (7) there is no evidence that Respondent used her trust account for personal use or that she intentionally misappropriated funds.

**Violations:** The Court finds that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

1.15(a): Failure to safeguard property of a client.

1.15(a): Failure to maintain and preserve complete records of client trust account funds.

1.15(c): Failing to deposit unearned legal fees into client trust account, and withdrawing funds from client trust account without earning fees or incurring expenses.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to maintain and preserve clear record of date, amount, source, and explanation for funds held in trust.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee, and making withdrawals from a trust account by checks payable to "cash."

**Discipline:** For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.