**In the Matter of Joseph C. LEHMAN, Respondent.**

No. 20S00–1207–DI–428.

Supreme Court of Indiana.

Feb. 19, 2014.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Margot F. Reagan, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The hearing officer filed her report on November 5, 2013. Neither party filed a petition for review of the report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

*Count 1.* In 2007, in representing a client in a criminal case, Respondent was found in contempt and fined $500 for failing to appear at necessary, scheduled events for the client. Respondent filed a defective notice of appeal of his contempt sanction, using a caption that made it appear that it was a direct of appeal of the client's criminal case. The Court of Appeals changed the cause number to reflect the nature of the appeal and dismissed the appeal with prejudice.

*Count 2.* When moving his office location in 2009, Respondent threw several client files containing confidential client information into a trash bin, where they remained for several days. A newspaper reporter found information in the files relating to paternity and divorce cases, as well as Social Security numbers and financial records.

*Count 3.* A client hired Respondent to pursue bankruptcy relief that would allow him to continue operating his business. Respondent first filed a Chapter 13 on January 6, 2010, which was dismissed for failure to pay the filing fee. He then filed a Chapter 7 for the client, which does not allow a debtor to continue operating his or her business. The first attempt was also dismissed for failure to pay the filing fee, but a second attempt was successful on January 20, 2010.

Respondent failed to list on the client's bankruptcy schedule several pending claims the client or his business had against other entities, which the Chapter 7 trustee later discovered. The Chapter 7 trustee did not discover until the "Section 341" meeting of creditors on February 26, 2010, that the client was still operating his business, at which time she told the client to close down his business immediately. Respondent then moved to convert the case to Chapter 13. The trustee filed an objection on March 1, 2010, and discovered that many of the business's records were missing, having been moved the weekend before. The bankruptcy court denied the motion to convert to Chapter 13, finding that the bankruptcy schedules were not honestly and completely filled out and that a large number of assets were not listed. The bankruptcy court found that Respondent was not doing a good job, and that he and his client were "hiding the ball." The client hired a different attorney to complete the bankruptcy schedules properly.

The trustee testified that Respondent habitually fills out bankruptcy schedules incompletely and fails to submit proper documents to bankruptcy trustees. She

testified that there were deficiencies in every case she handled in 2012 in which Respondent was involved. Many of his cases have been dismissed because of his failure to comply with the requirements of the Bankruptcy Code. The trustee and an assistant United States Trustee offered assistance, but Respondent denied that there was any problem.

*Count 4.* The misconduct in this count, which spanned from 2007 through 2013, includes: (1) failure to appear at numerous hearings in other cases and being held in contempt, and sometimes jailed, for such a failures; (2) failing to include with filings a signature, the correct case numbers, the name of the correct court, certificates of service, and required notices; (3) arguing that a $400 attorney fee assessed against him was actually owed by his client; (4) failing to comply with a subpoena duces tecum; (5) dismissal of an appeal of a contempt finding for failure to comply with the appellate rules; and (6) numerous filings with deficiencies rendering them ineffective.

Judges before whom Respondent practices gave detailed testimony regarding Respondent's deficiencies in 16 different cases. They testified that Respondent has consistently practiced far below the average level of performance for attorneys in Elkhart County, that he has failed to respond to attempts by the judges to help him improve his deficiencies, that he failed to follow through with an agreement to contact the Indiana Judges and Lawyers Assistance Program ("JLAP") for an assessment, that Respondent's deficiencies have created a tremendous amount of trouble for court staff, and that his conduct hurts his clients and the court system. One judge testified that Respondent shows "a complete lack of respect for diligence and represent clients, professionalism and

... an utter disregard of court orders...."

*Count 5.* On August 2, 2012, and on January 7, 2013, checks drawn on Respondent's trust account were rejected for insufficient funds. A subsequent investigation revealed that Respondent routinely deposited filing fees and fully earned flat fees into his trust account, he did not timely withdraw the earned flat fees, he commingled personal funds with those of his clients, he was unable to identify the source of funds for numerous deposits into his trust account, he was unable to identify the client beneficiary of numerous disbursements from his trust account, and he made numerous disbursements that were not associated with any client, including disbursements for a laptop, advertising, office rent, utility bill, and his annual Attorney Registration Fee.

*Aggravating and mitigating facts.* The hearing officer found the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) he has represented many clients to a successful completion. The hearing officer found the following facts in aggravation: (1) Respondent has refused to acknowledge his misconduct; (2) Respondent has engaged in a pattern of misconduct over an extensive period of time; (3) he apparently does not feel it necessary to show up for court hearings; (4) the sheer volume of the repeated violations, apparent dishonesty, and lack of any effort to address or apologize for the problems indicate unfitness to practice; and (5) he has a contemptuous disregard for the most basic professional obligations.

**Violations:** The Court finds that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

1.1: Failing to provide competent representation.

▮▮▮▮▮▮▮▮▮▮▮

1.2(a): Failing to abide by a client's decisions concerning the objectives of representation.

1.6(a): Revealing information relating to representation of a client without the client's informed consent.

1.9(c)(2): Revealing information relating to the representation of a former client except as the Rules would permit or require.

1.15(a): Commingling client and attorney funds and spending money out of trust for personal uses.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

Ind. Admission and Discipline Rule 23(29)(a)(2), (3) and (4): Failing to create, maintain, and preserve proper records for trust account activities; and commingling client funds with other funds of the attorney or firm.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years, without automatic reinstatement, beginning April 3, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.