RESPONDENT PRO SE
Steve L. Brejensky

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
David E. Griffith, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



No. 29S00-1205-DI-277

IN THE MATTER OF:

STEVE L. BREJENSKY,

*Respondent.*

Attorney Discipline Action
Hearing Officer Gary L. Miller

**July 2, 2014**

**Per Curiam.**

We find that Respondent, Steve L. Brejensky, engaged in attorney misconduct by committing a crime reflecting adversely on Respondent's honesty and failing to report his conviction to the Commission. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least one year without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1988 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Background**

Procedural background. The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on May 22, 2012. Respondent filed an answer that was late and not in proper form. Respondent failed to respond to the Commission's requests for admission. The hearing officer therefore granted an application by the Commission for judgment on its complaint. *See* Admis. Disc. R. 23(14)(c).

The hearing officer filed his report on April 11, 2014. Neither party filed a petition for review of the hearing officer's report (although the Commission filed a brief on sanctions). When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

The hearing officer's findings of fact. Following a bench trial on October 21, 2011, Respondent was convicted of Conversion, a class A misdemeanor. Respondent has never appealed or otherwise challenged his conviction. He did not send a copy of the finding of guilt to the Commission.

The hearing officer found no facts in mitigation. The hearing officer found the following facts in aggravation: (1) Respondent has failed to keep current his address on the Indiana Roll of Attorneys, evidenced by the Postal Service's return of multiple mailings sent to him during this proceeding; (2) Respondent filed an answer to the Commission's complaint only after the hearing officer ordered him to do so, and it did not comply with the requirements of Admis. Disc. R. 23(14)(b); (3) Respondent failed to comply with filing deadlines, even when granted extensions of time; and (4) the contents of Respondent's answer show a lack of remorse for and lack of insight into the nature of his wrongful conduct.

The Court notes, as an additional fact in aggravation, that Respondent has the following disciplinary history:

2

➢ Continuing legal education noncompliance suspension, April 17, 2001; reinstated, September 28, 2001.

➢ Cause No. 29S00-1201-DI-25: Show cause petition for noncooperation with the Commission filed January 18, 2012; dismissed with costs, February 27, 2012.

➢ Cause No. 94S00-1308-MS-505: Suspended for failure to pay costs in above case, effective October 6, 2013. This suspension is still in effect.

## Discussion

In Respondent's late, nonconforming answer, Respondent argues that he is not guilty of conversion, arguing that he was wrongly accused of taking a bag of mulch from a gas station without paying for it. He also recounts alleged irregularities in this trial, but, as noted, he has not appealed or otherwise challenged his conviction. Moreover, he has not filed a petition for review of the hearing officer's report. The Court therefore approves the hearing officer's findings of fact.

The Court concludes that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding.

Given the seriousness of Respondent's misconduct and the substantial facts in aggravation, the Court concludes that Respondent should be suspended for at least one year, after which he may be reinstated only after proving his remorse, rehabilitation, and fitness to practice law.

3

**Conclusion**

The Court concludes that Respondent violated his professional duties as an attorney by committing a crime reflecting adversely on Respondent's honesty and failing to report his conviction to the Commission.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, effective immediately. Respondent is already under suspension for failure to pay costs in a noncooperation proceeding. Respondent shall fulfill all the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures the causes of all suspensions then in effect, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.

4