**In the Matter of William LEVY.**

No. 49S00–9406–DI–582.

Supreme Court of Indiana.

April 20, 2000.

Ronald E. Elberger, Indianapolis, for the respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Attorney William Levy, not wanting his client to discover that he missed a hearing on the client's behalf, redacted language referring to his absence from the copy of the court's final order, which he then provided to his client. For his purposeful concealment of information from his client, we find that a period of suspension is warranted.

■ This matter was brought before a hearing officer, appointed pursuant to Ind.Admission and Discipline Rule 23(17), who found misconduct as charged. Our jurisdiction in this case arises from the respondent's admission to the bar of this state on September 21, 1966. When, as here, neither the Commission nor the respondent challenge the findings of the hearing officer, we accept and adopt those findings but reserve final judgment as to misconduct and sanction. *Matter of Gallo,* 619 N.E.2d 921 (Ind.1993).

The Commission's charges relate to the respondent's representation of a defendant insurance carrier and an insured in a small claims case. We now find that after entering an appearance on the defendants' behalf in the Vigo County Court, the respondent filed a motion for continuance, which the court granted on September 14, 1993. The respondent, failing to mark the new trial date on his calendar, missed the bench trial held on December 7, 1993. After conducting a hearing on the damages sought by the plaintiff, the court entered a default judgment of $953.80 against the respondent's clients. The introductory sentences of the order granting default judgment referred to the respondent's failure to attend the trial. After receiving a copy of the court's order, the respondent then redacted those introductory sentences from it and forwarded the copy containing the redactions to the insurer that he represented. That client subsequently discovered the modification of the order in April 1994, after the plaintiff filed a case against the insurer with the Indiana Department of Insurance.

■ The respondent's willful concealment of the fact that he missed the bench trial violates Prof.Cond.R. 8.4(c), which provides that it is "professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Additionally, the respondent's withholding of information from his client violates Prof.Cond.R. 1.4(a), which requires lawyers to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

■ Having found misconduct, we must now determine a proper sanction. In so doing, we consider the nature of the misconduct and any mitigating or aggravating factors. We also examine the facts surrounding the misconduct, the respondent's state of mind, duties that were violated, the actual or potential injury to the client, and the risk to the public. *Matter of Drozda,* 653 N.E.2d 991 (Ind.1995).

In mitigation, the hearing officer found that the respondent has conducted himself in an exemplary fashion during his thirty-two years of practice, with this complaint being his first. The hearing officer was also persuaded that the respondent's motive arose from his embarrassment from missing the bench trial and not from an intent to defraud or deceive his clients on the substantive issues of their case. Additionally, the hearing officer found that although the respondent failed initially to inform the insurer of his failure to appear, he did later fully disclose that fact. Finally, the hearing officer found that the insurer subsequently engaged the respondent to represent it in other matters and was persuaded that the client's confidence in the respondent also constituted a mitigating factor.

We have suspended lawyer for similar acts of untruthfulness and concealment. For example, a lawyer who told his client that his appeal had failed when in fact the lawyer missed the appellate filing deadline was suspended for thirty days. *Matter of Cherry*, 658 N.E.2d 596 (Ind.1995). Similarly, a lawyer who assured his client that a case had been filed when it in fact had not been filed received a thirty-day suspension. *Matter of Gielow*, 601 N.E.2d 340 (Ind.1992).

Although the respondent in this case may have been motivated to redact the language by his embarrassment about missing the hearing, his misconduct nonetheless represents an attempt to willfully conceal from his client an important fact impacting the case. Adequate communication and integrity when dealing with clients is a vital component of any attorney-client relationship. Here, the respondent purposefully compromised that foundation in order to protect himself. Accordingly, this Court finds that a period of suspension is an appropriate sanction.

It is, therefore, ordered that the respondent be suspended for a period of thirty (30) days, beginning June 2, 2000. At the conclusion of that period of suspension, he shall be automatically reinstated.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerks of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.