### In the Matter of Ray L. JARRETT, Respondent.

### No. 11S00–0812–DI–632.

Supreme Court of Indiana.

May 15, 2009.

### *PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Barbara L. Brugnaux, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on December 9, 2008. Respondent was served and did not respond. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). Neither the Commission nor Respondent challenges the hearing officer's report. Accordingly, we accept the hearing officer's findings but reserve final judgment as to misconduct and sanction. *See Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

*Count 1.* Respondent represented Client 1 in an action against a police department and several officers. In 2006, Respondent sent Client 1 a letter informing Client 1 of a pretrial conference and his plan to withdraw from representing him. Client 1 did not receive the letter, neither Respondent nor Client 1 appeared at the pretrial conference, and Respondent did not file a motion to withdraw. After the court eventually dismissed the case, Respondent failed to respond to Client 1's numerous attempts to contact him.

*Count 2.* Client 2 retained Respondent in 2004 to represent him in a dispute with an insurance company. Respondent failed to respond to Client 2's numerous attempts to contact him over about two and a half years. After Client 2 filed a grievance, Respondent admitted he had done no work on the case and said he planned to return the $1000 retainer. He failed to do so until prompted by the Commission.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(4): Failure to comply promptly with reasonable requests for information.

1.16(d): Failure to protect a client's interests upon termination of representation.

1.16(d): Failure to refund an unearned fee promptly.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 90 days, without automatic reinstatement, beginning June 30, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.