ATTORNEY FOR THE RESPONDENT
Ronald E. Elberger
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Alison S. Avery, Staff Attorney
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 18S00-0902-DI-73

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

Attorney Discipline Action
Hearing Officer Lynn Murray

**August 27, 2010**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." The Respondent's admission to this state's bar subjects her to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

We find that Respondent engaged in attorney misconduct by improperly revealing information relating to the representation of a former client. For this misconduct, we find that Respondent should receive a private reprimand.

## Background

Respondent represented an organization that employed "AB." Respondent became acquainted with AB though this connection. In December 2007, AB and her husband were involved in an altercation to which the police were called, during which, AB's husband asserted, she threatened to harm him. In January 2008, AB phoned Respondent and told her about her husband's allegation and that she and her husband had separated. In a second phone call that month, AB asked Respondent for a referral to a family law attorney. Respondent gave AB the name of an attorney in Respondent's firm.[1] Respondent then called this attorney to inform her of the referral and to give her AB's phone number. The attorney called AB that same day and arranged a meeting the following day, when AB retained the attorney. AB told the attorney about the December 2007 incident and directed her to file a divorce petition. Respondent was aware that AB had retained the attorney from her firm and had filed for divorce. AB and her husband soon reconciled, however, and, at AB's request, the divorce petition was dismissed and the firm's representation of AB ended.

In March or April 2008, Respondent was socializing with two friends, one of whom was also a friend of AB's. Unaware of AB's reconciliation with her husband, Respondent told her two friends about AB's filing for divorce and about her husband's accusation. Respondent encouraged AB's friend to contact AB because the friend expressed concern for her. When AB's friend called AB and told her what Respondent had told him, AB became upset about the revelation of the information and filed a grievance against Respondent.

The Commission charged Respondent with violating Professional Conduct Rule 1.9(c)(2), which prohibits revelation of information relating to the representation of a former client except as the Professional Conduct Rules permit or require. The hearing officer concluded that Respondent violated the rule as charged. The hearing officer found no facts in aggravation

---

[1] Respondent testified that she also gave AB the names of two attorneys not associated with her firm.

and the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission.

Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, the Court accepts and adopts those findings but reserves final judgment as to misconduct and discipline. *See* <u>Matter of Levy</u>, 726 N.E.2d 1257, 1258 (Ind. 2000).

## <u>Discussion</u>

<u>Rules addressing revelation of confidential information</u>. The Rules of Professional Conduct ("Rules") contain several interrelated rules protecting the confidentiality of information relating to legal representations and consultations. Respondent is accused of violating Professional Conduct Rule 1.9(c), which sets forth the following duties owing to *former* clients:

> **A lawyer** who has formerly represented a client in a matter or **whose present or former firm has formerly represented a client in a matter shall not thereafter**:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) **reveal information relating to the representation** except as these Rules would permit or require with respect to a client.

(Emphasis added.)

Professional Conduct Rule 1.6(a), which covers duties to *current* clients, states: "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." Paragraph (b) allows disclosure under conditions not applicable to the current case, such as to prevent commission of a crime or to comply with a court order.

Professional Conduct Rule 1.18, which covers duties to *prospective* clients, states:

(a) A person who discusses with a lawyer **the possibility of forming a client-lawyer relationship** with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, **a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation**, except as Rule 1.9 would permit with respect to information of a former client.

(Emphasis added.)

<u>Respondent's revelation of the information at issue was a violation of Rule 1.9(c)(2)</u>. Respondent argued to the hearing officer that AB initially gave her the information at issue for the purpose of seeking *personal* rather than professional advice and only later phoned her again to ask for an attorney referral. Thus, she argued, the information was not confidential when AB first disclosed it to her, subsequent events did not change its nature, and she violated no ethical obligation in later revealing it.

The first January 2008 phone conversation did not include discussion of the possibility of forming an attorney-client relationship. If AB's communication with Respondent had ended with that phone call, revelation of the information at issue would not have been a violation of Respondent's ethical duties. "A person who communicates information unilaterally to a lawyer, without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, is not a 'prospective client' within the meaning of paragraph (a)." Ind. Prof. Cond. R. 1.18 cmt. [2].

The information at issue, however, was disclosed to Respondent not long before the second call in which AB asked for an attorney referral and Respondent recommended an attorney from her firm. At that point, if not before, AB became a prospective client under Rule 1.18. The formation of an attorney-client relationship with Respondent's firm followed immediately thereafter, and the information at issue was highly relevant to the representation. Respondent then revealed the information with knowledge that her firm had been retained to represent AB in

4

the matter. Under these circumstances, we conclude that once AB became a prospective client, the information became subject to the confidentiality protections of the Rules.

Respondent presented evidence that AB disclosed the information at issue to others, including some of AB's co-workers. Respondent argued to the hearing officer that AB's disclosure of the information to others indicated that AB's disclosure to Respondent in the first phone conversation was personal rather than professional in nature and not intended to be confidential. However, the fact that a client may chose to confide to others information relating to a representation does not waive or negate the confidentiality protections of the Rules, which we have found apply to the information at issue.

Respondent also argued to the hearing officer that revelation of the information at issue was not barred because it could be discovered by searching various public records and the internet. True, the filing of a divorce petition is a matter of public record, but Respondent revealed highly sensitive details of accusations AB's husband made against her to the police. There is no evidence that this information was contained in any public record. Moreover, the Rules contain no exception allowing revelation of information relating to a representation even if a diligent researcher could unearth it through public sources.[2]

Although we find it unnecessary in this case to explore the outer boundaries of the Rules concerning client confidences, the protection provided is broad.

> The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to **all information relating to the representation, whatever its source**."

---

[2] We note that Rule 1.9(c)(1) allows for *use* of information relating to a prior representation if the information has become *generally known*. Even if this were the provision at issue in this case, there is no evidence that the information relating to AB's husband's accusation, or even the divorce filing, was generally known.

5

Ind. Prof. Cond. R. 1.6 cmt. [3] (emphasis added). An attorney has a duty to prospective, current, and former clients to scrupulously avoid revelation of such information, even if, as may have been the case here, the attorney is motivated by personal concern for the client.

## Conclusion

The Court concludes Respondent violated Professional Conduct Rule 1.9(c)(2) by improperly revealing information relating to the representation of a former client. For Respondent's professional misconduct, the Court imposes a private reprimand.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.