**In the Matter of Jerry I. SHAPIRO,**
**Respondent.**

No. 45S00–1006–DI–308.

Supreme Court of Indiana.

Nov. 30, 2010.

*PUBLISHED ORDER FINDING MIS-*
*CONDUCT AND IMPOSING DIS-*
*CIPLINE*

Upon review of the report of the hearing officer, the Honorable Trent A. McCain, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on June 16, 2010. Respondent was served and did not respond or appear. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

In late 2006, a decedent's daughter (who lives in Poland and has very limited ability to communicate in English) hired Respondent to handle the probate estate of her mother, who died in Lake County. The estate's major assets were two savings accounts and a home. The daughter was the sole beneficiary. After the sale of the decedent's home, Respondent failed to move forward with closing the estate, failed to pay state inheritance taxes, failed to file an inventory, failed to respond to the daughter's requests for information, and made unauthorized payments totaling $24,000 to himself from estate assets. After the daughter hired new counsel to replace Respondent, he failed to obey a court order that he provide an accounting and provide documents pertaining to the estate to new counsel. This resulted in the trial court issuing a bench warrant for his arrest.

Respondent is currently suspended from practice for CLE noncompliance and dues nonpayment, effective May 5, 2009; and for noncooperation with the Commission, effective December 17, 2009, *see Matter of Shapiro,* 917 N.E.2d 1230 (Ind.2009).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in**

this state for a period of not less than three years, without automatic reinstatement, effective as of the date of this order. Respondent shall continue to fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures his other suspensions, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.