## In the Matter of Jon A. CRISS, Respondent.

### No. 71S00–1209–DI–521.

Supreme Court of Indiana.

Dec. 12, 2013.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Daniel J. Molter, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on April 23, 2013. Respondent was served and did not respond. Accordingly, the hearing officer took the

facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

*Count 1.* In June 2011, Respondent entered his appearance for a criminal defendant. After Respondent failed to appear at three scheduled hearings, the trial court issued an order to show cause why he had failed to appear. Respondent failed to appear at the show cause hearing. After a grievance was served on him, the Commission received a hand-written response in which Respondent stated that admitted he violated the Rules of Professional Conduct, that he had no excuse for his misconduct, that he was addicted to drugs, especially methamphetamine, and that he was incarcerated at the time for the crimes described in Count 2.

*Count 2.* On August 28, 2012, Respondent was convicted on a guilty plea to the following offenses under Indiana law: possession of methamphetamine, a class D felony; maintaining a common nuisance, a class D felony; and three class A misdemeanors. He received two-year sentences for each felony, with one year suspended and one year of probation, and one-year sentences for each misdemeanor, all to run concurrently.

Based on Respondent's felony convictions, the Commission filed a "Notice of Guilty Finding and Request for Suspension" on September 18, 2012, and the Court entered an order of interim suspension on January 10, 2013, which is still in effect. (Respondent is also under a continuing legal education noncompliance suspension, which took effect on June 1, 2012.)

*Aggravating and mitigating facts.* The hearing officer found the following facts in aggravation: (1) Respondent engaged in a pattern of misconduct, including completely abandoning a client; (2) Respondent has substantial experience in the practice of law; (3) Respondent engaged in illegal conduct; (4) Respondent engaged in bad faith obstruction of this disciplinary proceeding by failing to comply with rules and orders of this Court; and (5) aside from his initial response to the grievance of Count 1, Respondent has failed to engage in the disciplinary process throughout this proceeding.

The hearing officer found the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent accepted responsibility for his misconduct in his response to the Count 1 grievance; and (3) the facts do not support a finding that Respondent's misconduct was due to a dishonest or selfish motive.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.16(c): Failure to comply with applicable law requiring notice to or permission from tribunal when terminating a representation.

3.2: Failure to expedite litigation consistent with the interests of a client.

3.4(c): Disobeying a court order.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state without automatic reinstate-**

ment effective as of the date of this order. Respondent shall fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). **Respondent may petition for reinstatement to the practice of law in this state five years after the date of this order or the date he successfully completes his incarceration and criminal probation, whichever is later,** provided that no other suspension is in effect and Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). Reinstatement would be granted only with the condition that Respondent be subject to 18 months of probation with monitoring by the Indiana Judges and Lawyers Assistance Program.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., and DAVID, J., who dissent regarding the discipline imposed, believing that Respondent should be disbarred.