NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Fredrick L. Rice, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S00-1412-DI-752

**FILED**
Jun 24 2015, 10:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

IN THE MATTER OF:

BRADLEY D. HAMILTON,

*Respondent.*

Attorney Discipline Action
Hearing Officer Lloyd H. Milliken, Jr.

**June 24, 2015**

**Per Curiam.**

We find that Respondent, Bradley D. Hamilton, committed attorney misconduct by abandoning his law practice and clients, stealing their money, and fleeing to Australia. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1984 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Procedural Background and Facts**

The Commission filed an eleven-count "Verified Complaint for Disciplinary Action" against Respondent on December 22, 2014. After service by certified mail at the two Kokomo addresses listed for Respondent on the Roll of Attorneys was unsuccessful, constructive service was made upon the Clerk as Respondent's agent pursuant to Admission and Discipline Rule 23(12)(h). Respondent has not appeared or responded in these proceedings. Accordingly, the Commission filed a "Verified Application for Judgment on the Complaint," and the hearing officer took the facts alleged in the verified complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

The eleven counts of misconduct in this case arise from Respondent's abrupt abandonment of his Kokomo law practice and move to Australia in September 2013, two days after enlisting Brent Dechert as his attorney surrogate. See Admis. Disc. R. 23(27). Counts 1 through 7 each involve particular clients who retained Respondent to file bankruptcy petitions. In each case, Respondent was paid a retainer fee up front, did little or no work on the case thereafter, and eventually absconded to Australia without refunding or making arrangements to refund unearned legal fees. In most of the cases, Respondent was largely unresponsive to client inquiries regarding case progress, and in two of the cases Respondent knowingly misrepresented to the client that a bankruptcy petition had been filed when in fact no petition had been filed. Counts 8 through 10 are similar in nature and involve particular clients who retained Respondent in various non-bankruptcy matters. Finally, Count 11 charts twenty-two additional clients of Respondent identified by Dechert as having been abandoned by Respondent with legal matters still pending, and to whom unearned fees are still owed.

In sum, Respondent was paid a total of $58,366 by the clients identified in these eleven counts. None of these clients' legal matters were completed by Respondent. The balance in

Respondent's attorney trust account at the time it was turned over to Dechert was $2,060, with no records left indicating to which client or clients that sum belonged.

As a mitigating factor, the hearing officer cited Respondent's lack of disciplinary history.[1] The hearing officer cited as aggravating factors Respondent's abandonment of his law practice without notice to most clients, the fact he continued to take on new clients and accept fees or retainers even with his move to Australia imminent, the vulnerability of the clients he harmed, and his failure to respond or cooperate in these proceedings. The hearing officer recommended that Respondent be disbarred.

## Discussion

We concur in the hearing officer's unchallenged findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failure to protect a client's interests upon termination of representation, and failure to refund an unearned fee promptly upon termination of representation.

8.4(b): Committing a criminal act (conversion or theft) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

---

[1] While Respondent does not have prior discipline, Respondent is the subject of eleven separate pending show cause proceedings and is currently suspended for noncooperation, dues nonpayment, and CLE noncompliance.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

For a variety of reasons, an attorney may be faced with the need or desire to wind down his or her law practice. Whatever the reason, the attorney's ethical obligation to protect clients' interests is clear. Among many other things, key practice management records (such as client files and business and trust accounts) should be in order and reconciled, clients should be notified and kept fully and accurately informed of matters relating to their case, fee issues should be resolved, and appropriate contingency plans for transitioning clients' cases to successor counsel should be implemented.

Respondent did virtually none of these before absconding to Australia. He did not reconcile his trust account; he looted all but a small portion of it and left behind no records indicating to which client(s) that remaining sum belonged. He did not notify clients of the status of their cases; when clients inquired, Respondent mostly avoided them and in some instances lied to them. Respondent did not refund unearned fees; he stole them. Most clients were not notified of his impending move out of the country, and Respondent continued to accept new clients (and their money) even as the abandonment of his law practice was imminent. Finally, while Respondent did enlist the aid of Dechert as an attorney surrogate, Respondent did so at the last minute and in a manner that precluded Dechert, despite his commendable efforts to triage the harm caused by Respondent, from being able to fully protect the interests of Respondent's clients.

"[A] license to practice law is a privilege, and that privilege is conditioned upon the faithful performance of the responsibilities imposed upon the attorney by the society that grants the privilege." Matter of Keaton, 29 N.E.3d 103, 110 (Ind. 2015). Respondent neglected and lied to his vulnerable clients, stole from them, abandoned his law practice, and fled the country. Under these circumstances, disbarment is warranted and Respondent's privilege to practice law should permanently be revoked.

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by failing to adequately communicate with clients, abandoning his clients and law practice, and absconding to Australia without refunding unearned legal fees.

Respondent already is under suspension orders for failure to cooperate with the Commission's investigation, dues nonpayment, and failure to fulfill his continuing legal education requirements. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.