

FILED
May 24 2018, 2:48 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Indiana Supreme Court

Supreme Court Case No. 71S00-1711-DI-707

## In the Matter of
## Fronse W. Smith, Jr.
*Respondent.*

Decided: May 24, 2018

Attorney Discipline Action

Hearing Officer John Tuskey

**Per Curiam Opinion**

**Per Curiam.**

We find that Respondent, Fronse Smith, Jr., engaged in attorney misconduct by committing the crime of intimidation. For this misconduct, a majority of the Court concludes that Respondent should be disbarred.

The matter is now before us on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 2013 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Disciplinary Complaint" against Respondent on November 28, 2017. Respondent was served with the complaint but has not appeared, responded, or otherwise participated in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

During a phone conversation between Respondent and his estranged wife on May 29, 2015, Respondent threatened that he "was going to split [her] chest open with an axe." Respondent's wife immediately called 911 and drove to a police station. Meanwhile, Respondent sent his wife a text message stating that he was going to dispose of and destroy her property. Respondent drove to his wife's home and was in the process of entering her home when police arrived on the scene with his wife. Respondent was uncooperative and hostile with the officers and told his wife "now you've really done it," at which point Respondent was arrested. An axe was discovered in the passenger seat of his car.

As a result of these actions, Respondent was convicted of intimidation, a level 6 felony. The Court of Appeals affirmed Respondent's conviction in October 2016.

Respondent has been under an order of interim suspension since December 15, 2016, as a result of his felony conviction. *Matter of Smith*, 64 N.E.3d 837 (Ind. 2016). Respondent also currently is indefinitely suspended for failure to cooperate with the Commission's investigation and is administratively suspended for nonpayment of dues and noncompliance with continuing legal education requirements.

## Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude that Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer.

Turning to the issue of appropriate discipline, we agree with the hearing officer's observations that Respondent's criminal conduct "demonstrated a total breakdown of self-restraint," and that Respondent's noncooperation with the Commission's investigation and failure to participate in these disciplinary proceedings likewise reflect exceedingly poorly on Respondent's commitment to his responsibilities as an attorney and his fitness to practice. (HO's Report at 11).

The circumstances of Respondent's crime are profoundly troubling. Respondent not only communicated to his wife a threat to murder her with an axe, he then immediately drove to her house with said axe and was in the process of entering her home when police arrived. Fortunately Respondent's wife had the presence of mind to call 911 and go to the police station, and thus was not home when Respondent arrived. Respondent's actions, and the fear evident in his wife's manner of reaction to his threat, are both suggestive of a heightened possibility that Respondent might have carried out his threat absent his wife's defensive measures and the timely intervention of law enforcement.

"We have long emphasized that a license to practice law is a privilege, and that privilege is conditioned upon the faithful performance of the responsibilities imposed upon the attorney by the society that grants the privilege." *Matter of Keaton*, 29 N.E.3d 103, 110 (Ind. 2015). We recognize that Respondent's criminal conduct toward his estranged wife over the course of a single evening is distinguishable from the prolonged "scorched earth campaign" committed by the attorney against his ex-girlfriend in *Keaton*, a distinction that prompted the hearing officer in this case to recommend a lengthy suspension rather than disbarment. Nonetheless, the serious nature of Respondent's misconduct, his resulting felony conviction, his noncooperation with the disciplinary process, and his failure to participate in these proceedings, collectively persuade a majority of this Court to conclude that disbarment is the appropriate sanction in this case.

## Conclusion

Respondent already is under orders of administrative, indefinite, and interim suspension. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Larry D. Newman, Staff Attorney
Indianapolis, Indiana