



FILED

Oct 18 2018, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 98S00-1703-DI-152

## In the Matter of
## Edward R. Hall,
*Respondent.*

Decided: October 18, 2018

Attorney Discipline Action

Hearing Officer Alger Boswell

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Edward R. Hall, committed attorney misconduct by, among other things, disobeying a subpoena and causing another witness to do the same, neglecting clients' cases, and engaging in a pattern of dishonesty. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 2000 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed a three-count "Disciplinary Complaint" against Respondent on March 17, 2017, and we appointed a hearing officer. Following an evidentiary hearing, the hearing officer issued his report on August 7, 2018, finding Respondent committed violations as charged. Neither party has filed a petition for review of those findings or a brief on sanction.

*Count 1.* A parcel of improved real estate ("Property"), once owned by Respondent, was transferred to a "Land Trust" in 1995. Laura Hanus, Respondent's girlfriend (and later Respondent's legal secretary after Respondent was admitted to the Indiana bar), became the 100% beneficiary of the Land Trust soon thereafter. In 2012, the Property became subject to a tax sale due to the nonpayment of property taxes for several years. Respondent represented the Land Trust in legal proceedings that followed, and during those proceedings an issue arose regarding whether Respondent still had an ownership interest in the Property. Respondent failed to comply with discovery and soon was facing motions from the Lake County Auditor for sanctions and to disqualify Respondent from representing the Land Trust. The trial court scheduled a hearing on sanctions for September 4, 2014, at 9:00 a.m., and Respondent and Hanus were subpoenaed to appear. Respondent falsely informed Hanus that the

hearing would not occur and she need not honor the subpoena. When neither Respondent nor Hanus appeared for the hearing at 9:00 a.m., the presiding magistrate called Respondent's law office, spoke with Hanus, and advised her that she and Respondent needed to appear in court later that morning or be subject to contempt. Respondent and Hanus then complied.

*Count 2*. Respondent represented "Client 2," a manufacturer, in an action against a seller and a rival manufacturer. The fee agreement was not reduced to writing. Client 2 offered, and Respondent accepted, a trailer valued at $9,000 as a retainer. Shortly thereafter Client 2 paid an additional $5,000 at Respondent's request. Six months after the suit was filed, Respondent sought an additional $5,000 from Client 2, who indicated an inability to pay. Respondent then stated he would convert the agreement to a contingency agreement. However, that agreement was not reduced to writing and the percentage contemplated for Respondent's fee is not known.

Meanwhile, Respondent had not forwarded discovery requests to Client 2, and Respondent began avoiding responding to Client 2's inquiries. Respondent's failure to comply with discovery led to sanctions against Client 2 and an order to comply. Respondent did not inform Client 2 of these events until two days after the deadline to comply, when Respondent told Client 2 he had five days to gather telephone and sales records spanning seven years. In February 2015, the court dismissed Client 2's suit and ordered Client 2 to pay attorney fees. Respondent did not inform Client 2 of these events. Months later, the seller sought to place a hold on Client 2's bank account; when Client 2 asked Respondent about this, Respondent told him not to worry.

While that suit was still pending, in June 2014 Client 2 separately was sued by a supplier for nonpayment, and Respondent agreed to represent Client 2 in that matter as well. Unbeknownst to Client 2, Respondent took no action in that matter, a judgment was entered against Client 2, and the supplier later placed a hold on Client 2's bank account. When Client 2 contacted Respondent about this, Respondent falsely told Client 2 that he

had filed the proper papers in that case. Client 2 later settled that matter on his own.

In February 2016, Client 2 sued Respondent for malpractice. Respondent failed to answer or appear for the default hearing and a $353,000 judgment was entered against him. As of the final hearing in this matter, Respondent has made no payments to Client 2 toward satisfaction of this judgment.

*Count 3.* "Client 3" previously had hired another attorney ("Predecessor Counsel") to bring action against a contractor or others in connection with construction defects in Client 3's home. Predecessor Counsel failed to file suit, resulting in loss of some of Client 3's claims. Client 3 then hired Respondent to represent him in contemplation of a similar construction-defect suit against the general contractor, and also in contemplation of a legal malpractice action against Predecessor Counsel. Predecessor Counsel passed away, and Respondent did not take any further action against Predecessor Counsel or his estate. Client 3 additionally hired Respondent to file breach-of-contract actions against two other companies ("Company A" and "Company B") that had provided services on the home.

Respondent falsely told Client 3 that a suit against the general contractor had been filed and that the matter was proceeding in arbitration. Still later, Respondent falsely told Client 3 that all four of his cases had been filed in court. In December 2014, after receiving unsatisfactory information from Respondent about his cases, Client 3 went to the courthouse to conduct a search for his cases and discovered that no cases had been filed on his behalf. Client 3 then sought an "inventory" of his cases from Respondent, who did not respond.

In March 2015, Client 3 submitted a grievance against Respondent to the Commission. In June 2015, just days after responding to the grievance, Respondent filed suits on behalf of Client 3 against Company A and Company B. Without Client 3's knowledge or authorization, Respondent settled the suit against Company A in July 2015 and received a settlement check for $604. The suit against Company B proceeded to trial. Respondent failed to appear for a scheduled meeting with Client 3 in

advance of trial and failed to prepare adequately for trial, which resulted in judgment being rendered in favor of Company B.

As the disciplinary investigation was pending, Respondent sent Client 3 a letter in September 2015 that included numerous false statements regarding Respondent's representation of Client 3 and a fictitious email purportedly sent by Respondent to Client 3 in July 2015. Enclosed with that letter was the settlement check Respondent had received from Company A.

# Discussion

The Commission alleged, and the hearing officer concluded, that Respondent violated the following Indiana Rules of Professional Conduct:

1.2(a): Failing to abide by a client's decision whether to settle a matter.

1.3: Failing to act with reasonable diligence and promptness.

1.4(a)(2): Failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.

1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.5(c): Failing to have a contingent fee arrangement reduced to writing and signed by the client.

1.8(a): Entering into a business transaction with a client unless the transaction is fair and reasonable, the terms are fully disclosed in writing, the client is given written advice of the desirability of seeking and the opportunity to seek the advice of independent counsel, and the client consents in writing to the transaction.

3.3(a): Knowingly making or failing to correct a false statement of material fact made to a tribunal.

3.4(c): Knowingly disobeying an obligation under the rules or an order of a court.

4.4(a): Using means to represent a client that have no substantial purpose other than to embarrass, delay, or burden a third person.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

When, as here, neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000). On these facts, and as charged by the Commission, we decline to find a violation of Rule 3.3(a). In all other respects, we conclude that Respondent violated the rules as charged.

The hearing officer found no mitigating factors, nor do we. The hearing officer found several aggravating factors, including among other things Respondent's prior discipline,[1] his pattern of dishonesty, and the significant financial harm suffered by Client 2 as a result of Respondent's misconduct. We agree with those findings and need expound only briefly upon them. In Count 1, Respondent disobeyed a subpoena and caused Hanus, his girlfriend and legal secretary, to do the same by lying to her, actions that placed both of them in legal peril. Respondent significantly neglected his representations of Clients 2 and 3, lied to both of them at multiple junctures, and during the pendency of the disciplinary investigation fabricated an email purportedly sent to Client 3. Respondent's dishonesty and neglect severely harmed Client 2 and led to a six-figure default judgment against Respondent for legal malpractice.

---

[1] Respondent received a private administrative admonition in 2001.

Respondent moved to Florida during the pendency of the malpractice suit and to date has made no payments toward satisfaction of that judgment.

"In exercising our disciplinary authority, we have an obligation to protect the public and the profession from the tactics of unscrupulous lawyers." *Matter of Johnson*, 53 N.E.3d 1177, 1180 (Ind. 2016). Respondent's disregard of legal obligations, his neglect of clients' cases and his own malpractice case, and his pervasive dishonesty, all persuade us that disbarment is warranted in this case.

# Conclusion

Respondent already is under an order of suspension for failing to fulfill his continuing legal education requirements. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of the proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.

RESPONDENT PRO SE
Edward R. Hall
North Fort Myers, Florida

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Seth Pruden, Staff Attorney
Indianapolis, Indiana