



FILED

Nov 02 2018, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 64S00-1704-DI-251

## In the Matter of
## Larry W. Rogers,
*Respondent.*

Decided: November 2, 2018

Attorney Discipline Action

Hearing Officer Daniel J. Molter

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Larry Rogers, committed attorney misconduct by neglecting an appeal and then failing to refund the unearned fee. For this misconduct, we suspend Respondent for 90 days, with the manner of his reinstatement conditional upon full restitution being made.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 1977 admission to this state's bar subjects him to this Court's disciplinary jurisdiction.

# Procedural Background and Facts

The Commission filed a "Disciplinary Complaint" against Respondent on April 25, 2017, and we appointed a hearing officer. Following an evidentiary hearing, the hearing officer issued his report on August 16, 2018, finding Respondent committed violations as charged.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

After "Defendant" was convicted in March 2015 of murder and battery, but before sentencing, Respondent met with Defendant to discuss an appeal. After that meeting, Defendant and/or several of Defendant's family members paid Respondent $8,000 as part of his fee. Defendant was sentenced in May 2015 and a motion to correct error filed by his trial counsel was denied on July 14, 2015. Six days later, Respondent notified Defendant of the 30-day deadline for filing a notice of appeal and that further payment for transcript costs was needed.

Respondent did not file a notice of appeal and the deadline for doing so passed. Respondent did not notify Defendant he had failed to file the

notice of appeal and did not communicate with Defendant for several months. Eventually, Defendant fired Respondent, requested appointment of counsel to pursue a belated appeal, and demanded a refund from Respondent.

To date, Respondent has failed to refund any money to Defendant or his family, despite multiple requests made by Defendant's family and despite Respondent's acknowledgement that a refund is owed.

## Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 1.3: Failure to act with reasonable diligence and promptness.

> 1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

> 1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

> 1.16(d): Failure to refund an unearned fee and to protect the client's interests upon termination of representation.

Neither party has filed a brief on sanction. We agree with the hearing officer's succinct and eloquent assessment of this case. Respondent has served his community and profession with distinction for over four decades and, until just recently, had an unblemished disciplinary record. We also are mindful of the significant personal hardship Respondent was experiencing around the time of his neglect of Defendant's appeal. That said, we are deeply concerned about Respondent's ongoing and inexplicable failure, now more than three years later, to issue a refund that Respondent consistently has acknowledged is owed and that Respondent has claimed he is "ready, willing and able" to pay. (Comm'n Ex. G at 1.) We also are concerned about the relative lack of attention devoted by Respondent to this disciplinary proceeding and to a contemporaneous proceeding involving Respondent's noncooperation with another

disciplinary investigation, a shortcoming that Respondent's few pleadings appear to attribute to a heavy caseload. We remind Respondent that attorneys have a duty to cooperate with the disciplinary process. We also take this opportunity to remind Respondent (and all attorneys) that although a commitment to helping others is commendable, clients are best served when an attorney has secured his or her own oxygen mask first.[1]

After careful consideration, we conclude that Respondent should be suspended for 90 days, effective December 14, 2018. We further conclude that the manner of Respondent's reinstatement following this 90-day period should be conditional upon his making restitution to Defendant and/or Defendant's family. If Respondent refunds the unearned $8,000 fee in full[2] and files with this Court a verified accounting and report of same on or before March 1, 2019, then he shall be automatically reinstated to the practice of law in Indiana at the conclusion of his 90-day suspension, subject to the conditions of Admission and Discipline Rule 23(18)(a). If Respondent has not made this refund and filed this verified accounting by March 1, 2019, then Respondent shall not be automatically reinstated and instead shall be required to satisfy the requirements of Admission and Discipline Rule 23(18)(b) prior to resuming practice. Further, any petition for reinstatement filed pursuant to Rule 23(18)(b) shall be accompanied by proof that a full refund has been made and shall be subject to summary dismissal if such proof is lacking.

## Conclusion

The Court concludes Respondent violated Professional Conduct Rules 1.3, 1.4(a)(3), 1.4(b), and 1.16(d). For Respondent's professional

---

[1] *See* Linda Rekas Sloan, Esq., *Secure Your Own Mask First*, Rhode Island Bar Journal 3 (Jan./Feb. 2018); *see also* Jeena Cho, *A Distressing Business*, ABA Journal, June 2018, at 29.

[2] Despite Respondent's claim to have earned a portion of this fee, Respondent was unable to produce Defendant's client file or adequately document any work he performed on the case. Respondent explained, "I can only make an educated guess regarding the time spent on this case." (Comm'n Ex. E at 2.) Under the circumstances we find Respondent is not entitled to retain any portion of the $8,000 paid to him on Defendant's behalf.

misconduct, the Court suspends Respondent for 90 days, effective December 14, 2018. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26).

If Respondent makes a full refund and files a verified accounting by March 1, 2019, he shall be automatically reinstated to the practice of law at the conclusion of the 90-day period of suspension. If Respondent does not make a full refund and file a verified accounting by March 1, 2019, then his suspension shall be served without automatic reinstatement, and Respondent may not thereafter resume practice until he has shown a refund has been made and has satisfied the requirements of Admission and Discipline Rule 23(18)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.

RESPONDENT PRO SE
Larry W. Rogers
Valparaiso, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Julie E. Bennett, Staff Attorney
Indianapolis, Indiana