

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-DI-277

FILED
Jun 15 2020, 9:24 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## In the Matter of
## Steven T. Fulk,
*Respondent.*

---

Decided: June 15, 2020

Attorney Discipline Action

Hearing Officer Lloyd H. Milliken, Jr.

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Steven Fulk, committed attorney misconduct by neglecting a client's case, converting an employee's tax withholdings for his own personal use, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Disciplinary Complaint." Respondent's 1995 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed its two-count disciplinary complaint against Respondent on May 8, 2019. Respondent was served but never properly appeared or responded. Accordingly, the Commission filed an "Application for Judgment on the Complaint," and the hearing officer took the facts alleged in the complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

**Count 1**. Respondent represented the ex-husband ("Client") in post-dissolution matters in Hamilton County. In December 2017, the ex-wife filed a motion for rule to show cause alleging Client had failed to reimburse his portion of uninsured medical and dental expenses for several years. A hearing on the matter was scheduled for April 3, 2018. Both the court and opposing counsel sent notice of the hearing date to Respondent. After neither Client nor Respondent appeared for the April 3 hearing, Client was found in contempt and ordered to pay back medical and dental support and attorney fees within 45 days.

Client later filed a letter with the court indicating that the first he had learned of the hearing or the court order was in an email sent by his ex-wife about five weeks after the hearing. In that letter and a subsequent letter, Client informed the court he had attempted without success to contact Respondent multiple times and by multiple means. Client requested that the court vacate its contempt order, remove Respondent from the case, and allow Client to proceed *pro se.* Client's *pro se* efforts to obtain relief from the contempt order were unsuccessful, and the court later reduced that order to a civil judgment against Client in the amount of $2,545.35.

When the Commission opened an investigation, Respondent failed to substantively respond to the Commission's demand for information or comply with a subpoena duces tecum for Client's file.

**Count 2**. Respondent employed "Assistant" from 2005 until Assistant quit in early 2018. During that time Respondent withheld money for Social Security from Assistant's earnings, but instead of depositing those sums with the federal government, he instead converted those funds for his own personal use.

In late 2017 Assistant received a Social Security statement showing she had no earnings for any of the years she had worked for Respondent. Assistant confronted Respondent about this and Respondent promised he would get it corrected, but Respondent never did so. Respondent also failed to respond to the Commission's demand for information on this matter.

## Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

3.4(c): Knowingly disobeying an obligation under the rules or an order of a court.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"In exercising our disciplinary authority, we have an obligation to protect the public and the profession from the tactics of unscrupulous lawyers." *Matter of Johnson*, 53 N.E.3d 1177, 1180 (Ind. 2016). Respondent stole earnings from Assistant (his sole employee) during the entire twelve-plus years of her employment, violating both state and federal criminal law in the process. Respondent severely neglected Client's case, resulting in financial detriment to Client. Respondent has shown absolutely no remorse for, or insight into, his misconduct. Respondent refused to cooperate with the Commission's investigations, has refused to meaningfully participate in these disciplinary proceedings, and has filed no petition for review, brief on sanction, or responsive brief in this Court. Under these circumstances, and based on the record before us, we conclude that Respondent should be disbarred.

## Conclusion

Respondent already is under an order of indefinite suspension for noncooperation. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged with the Court's appreciation.

All Justices concur.

RESPONDENT PRO SE
Steven T. Fulk
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
David E. Griffith, Staff Attorney
Indianapolis, Indiana