**In the Matter of Richard LOISEAU.**

No. 49S00–0201–DI–17.

Supreme Court of Indiana.

Oct. 22, 2002.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count 1, it is agreed that the respondent failed to take any action on a client's contemplated immigration matter for an unreasonable time. The respondent also failed to respond to the client's reasonable requests for information about his case.

Under Count 2, the parties agree that the respondent failed to provide an immigration client adequate notice of his intent to withdraw his appearance. In his motion to withdraw his appearance, the respondent alleged that the client intentionally issued the respondent a "bad check." In fact, the client, upon learning that the check did not clear, deposited funds sufficient to cover the check. The check was processed automatically a second time by the respondent's bank, and cleared. Additionally, the client notified the respondent's office that the check had cleared. Although the court issued no order on the motion to withdraw, the respondent failed to appear at the client's immigration hearing. The unrepresented client was later subjected to an order of deportation.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which provides an attorney shall act with reasonable diligence and promptness in representing a client. He violated Prof.Cond.R. 1.4, which requires an attorney to keep his client reasonably informed about the status of the matter, and to promptly comply with reasonable requests for information from the client.

The respondent also violated Prof.Cond.R. 1.16(b), which permits an attorney to withdraw from representation only if the withdrawal can be accomplished without material adverse effect of the interests of the client; and Prof.Cond.R. 1.16(d), which requires an attorney to take reasonable steps upon termination of representation to protect the client's interests, including giving reasonable notice to the client.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.