**In the Matter of Richard LOISEAU, Respondent.**

**No. 98S00–1001–DI–2.**

Supreme Court of Indiana.

Nov. 22, 2011.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Leslie C. Shively, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** A number of material facts and inferences are disputed by the parties. Having reviewed the report of the hearing officer, the parties' briefs, and the evidence, the Court finds that the hearing officer's findings of fact are well-supported and well-reasoned and therefore adopts those findings as its own.

*Representation of "S.G." in deportation proceeding.* In 2008, S.G. attempted to reopen an immigration case in which she had been represented by Respondent. Respondent filed a sworn affidavit ("2008 Affidavit") in which he indicated that he had represented S.G. in deportation proceedings and she had been ordered deported after failing to appear at a final hearing set for May 7, 1997 ("the May 1997 Hearing"). His 2008 Affidavit went on to state that there was no confusion or misunderstanding about the date for the May 1997 Hearing, that S.G. kept him "waiting for her in the hallway for the hearing and did not show up," that he immediately informed S.G. of the consequences of not appearing, and that S.G. did not appear because "she simply forgot, as she told me." To repeat, these representations were made in Respondent's 2008 Affidavit.

However, at the hearing in this disciplinary case on September 10, 2010, Respondent stated that he missed the May 1997 Hearing because he had received a court order leading him to believe that the hearing was actually set for a later date and that both he and S.G. believed there was

no hearing set on May 7, 1997. In attempting to reconcile this testimony given in 2010 with his 2008 Affidavit statement that S.G. had kept him waiting in the court hallway, Respondent asserted that he had been at the immigration court for another matter on May 7, 1997, and just happened to see S.G.'s hearing listed.

The Court agrees with the hearing officer's finding that Respondent lied when he stated in the 2008 Affidavit that he had waited in the hallway for S.G. to appear for the May 1997 Hearing. And regardless of why Respondent and S.G. failed to appear at the May 1997 Hearing, it is clear that at least one of Respondent's sworn explanations is false—either the one in the 2008 Affidavit or in the 2010 testimony.

Earlier in his representation of S.G., Respondent failed to appear for a hearing on September 5, 1996, although S.G. did appear. The court continued the hearing to November 27, 1996. At that hearing ("November 1996 Hearing"), Respondent submitted an application for asylum on S.G.'s behalf, and the judge gave Respondent a notice setting the final hearing for May 7, 1997. Neither Respondent nor S.G. appeared for the May 1997 Hearing. The immigration court entered an order deporting S.G. *in absentia.* On July 14, 1997, Respondent filed a motion to reopen the deportation proceedings ("Motion to Reopen") citing personal reasons for S.G.'s nonappearance. The immigration court denied the motion, stating that a continuance would have been granted if Respondent had appeared at the hearing and requested a continuance on his client's behalf. The hearing officer found Respondent did not inform S.G. of the denial of the Motion to Reopen.

*Statements to immigration court in case involving S.G.'s husband.* Respondent also represented S.G.'s husband in his proceeding to seek asylum and avoid de-portation. On September 22, 1997, which was after S.G.'s Motion to Reopen was denied, Respondent appeared before the immigration court for a final hearing in the husband's matter. In response to a series of questions by the immigration judge, Respondent stated that he was representing S.G. in an asylum proceeding that was pending before a different judge. Respondent admits the immigration judge's concern was to avoid making inconsistent rulings on separate asylum applications of a husband and a wife. An immigration judge wants to avoid ruling favorably for one spouse only to have that ruling cited as support for the other spouse to file a motion to reopen his or her own closed case.

The Court finds that Respondent's representation that S.G. had a pending asylum case in which he was representing her was knowingly false, made with the intent to withhold the very information he admits the immigration judge would want to know for purpose of maintaining consistent rulings.

*Mitigating and aggravating circumstances.* The Court finds no facts in mitigation. In aggravation, we find: (1) Respondent received a public reprimand for other misconduct, *see Matter of Loiseau,* 776 N.E.2d 1209 (Ind.2002); (2) Respondent has engaged in a pattern of dishonesty; and (3) Respondent is not remorseful and is unwilling to accept responsibility for his actions. Particularly disturbing is Respondent's apparent willingness to damage a vulnerable former client's case in her immigration proceeding by swearing to salient facts he now contradicts—that he informed her of the May 1997 Hearing and she was totally at fault for missing it.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules by engaging in the following misconduct:

1.3: Failing to act with reasonable diligence and promptness when he failed to appear for two hearings in S.G.'s deportation proceedings.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter when he failed to keep S.G. informed about the results of the Motion to Reopen.

3.3(a)(1): Knowingly making a false statement of fact to a tribunal when he told an immigration judge that S.G. had a pending asylum application before a different judge.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation when he made false representations to the immigration court.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, beginning December 29, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.