In the Matter of Blair A. BROWN, Respondent.

No. 01S00–1004–DI–199.

Supreme Court of Indiana.

Aug. 30, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 1989, Respondent was appointed to pursue a criminal appeal for a client who had been sentenced to 100 years on two child molestation convictions. After Respondent filed a defective motion for extension of time to file the record and failed to timely file the record of proceedings, the appeal was dismissed in 1990. He did not inform the client of the dismissal. Despite telling a deputy state public defender and the trial court that he would pursue the case, he delayed taking any action until 1993, when he requested and was granted leave to file a belated motion to correct error. After the motion was denied, Respondent failed to inform his client and took no further action. Over the years, Respondent repeatedly failed to respond to the client's requests for information about the status of the appeal. In 2007, the client, *pro se,* requested the trial court to appoint new appellate counsel. The trial court appointed the State Public Defender, who filed a belated appeal. The Court of Appeals affirmed the client's convictions in 2009, nearly 20 years after he was convicted.

The parties cite the following facts in aggravation: (1) The client was vulnerable and reliant on Respondent as a result of his incarceration, and he had to go through extraordinary efforts to exercise his right to appeal his convictions; and (2) Respondent's pattern of misconduct for nearly twenty years, even when the issue was repeatedly brought to his attention, demonstrates a complete disregard for his client's rights and the burden he placed on others. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission and with the State Public Defender; (3) Respondent is remorseful; (4) Respondent's misconduct was not due to a dishonest or selfish motive; (5) Respondent has a reputation for being a diligent and conscientious practitioner; and (6) Respondent has served on the board of Maumee Valley Legal Services and has provided *pro bono* legal services for indigent clients.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

**Discipline:** The parties propose the appropriate discipline is a 30–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent**

from the practice of law for a period of **30 days, beginning October 12, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.