## In the Matter of Franklin S. YUDKIN, Respondent.

### No. 98S00–1511–DI–646.

Supreme Court of Indiana.

Oct. 25, 2016.

LORETTA H. RUSH, Chief Justice.

Upon review of the report of the hearing officer, the Honorable Lloyd H. Milliken, Jr., who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent represented "Bank" in a collection action against a *pro se* defendant ("AB"). After a bench trial, the trial court entered an approximately $25,000 judgment in favor of Bank. AB timely filed a motion to correct error ("MTCE") on April 29, 2013, which was noted on the chronological case summary on May 2, 2013. Thereafter ensued a series of pleadings by Respondent, in the trial court and later on appeal, in which Respondent erroneously indicated the MTCE was filed on May 2 and as a result was untimely. The hearing officer credited Respondent's assertion that his first misstatement was not deliberately made, but Respondent admits his subsequent misstatements to the trial court and Court of Appeals were made despite his actual knowledge the MTCE was filed on April 29. The trial court erroneously denied AB's MTCE as untimely, and when AB appealed the Court of Appeals granted Bank's motion to dismiss AB's appeal as untimely, a motion in which Respondent

knowingly misrepresented that the MTCE had been filed on May 2. AB petitioned for rehearing, again pointing out (as he had done in the trial court and at earlier stages of the appeal) that he had timely filed the MTCE on April 29. The Court of Appeals granted AB's petition and, after further briefing by the parties, issued a decision reversing the trial court and holding Bank's action against AB was time-barred.

AB then retained an attorney ("CD") to evaluate a potential claim against Respondent based on his misleading assertions in the collection action and appeal. In subsequent communications between Respondent and CD, Respondent demanded a retraction of the allegation that he had misled the trial and appellate courts regarding the filing date of the MTCE. When CD would not issue a retraction, Respondent filed a federal lawsuit against AB and CD, alleging defamation among other things. As subsequently amended, the complaint sought over $500,000. AB and CD filed motions to dismiss, which the district court granted. Respondent concedes he had no basis in fact or law for his defamation claim.

In a written response to the Commission during its investigation of these events, Respondent selectively quoted the language of Trial Rule 59(C) in a manner that inaccurately suggested AB's MTCE would have been untimely regardless of whether it had been filed on April 29 or May 2.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal or failing to correct

a false statement of material fact or law previously made to the tribunal by the lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, beginning December 8, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.