TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

2017-SC-000022-KB DATE  6/15/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                                IN SUPREME COURT

FRANKLIN S. YUDKIN                                           RESPONDENT

### OPINION AND ORDER

Franklin Yudkin is a member of the Kentucky Bar Association.[1] The Indiana Supreme Court suspended him from the practice of law for a period not less than 90 days, without automatic reinstatement, beginning December 8, 2016.

As a consequence of the Indiana suspension, the KBA has moved for this Court to order Yudkin to show cause, if he has any, why he should not be suspended from the practice of law for 90 days, consistent with the published order entered by the Indiana Supreme Court on October 25, 2016. And Yudkin has responded to the KBA's motion by requesting that reciprocal discipline not be imposed in Kentucky. But under SCR 3.435, Yudkin is subject to identical

---

[1] His KBA member number is 79590 and he was admitted to practice law in the Commonwealth as of August 1, 1970.

discipline within the Commonwealth unless the exception in SCR 3.434(4)(b)[2] applies.

Yudkin's law practice primarily centers on representing creditors in collection cases. In the case that culminated in his Indiana suspension, Yudkin was representing US Bank against a pro se defendant named Imbody. Yudkin attained a $25,000 judgment against Imbody. After the judgment, Imobdy filed a motion to correct an error. Yudkin represented to the Indiana trial court in multiple pleadings and later on appeal that Yudkin's motion was not timely filed. This misrepresentation resulted in an erroneous decision by the trial and appellate court. Upon rehearing, the appellate court ultimately reversed the trial court's denial of the motion to correct error.

Imbody then hired an attorney to investigate any claim that he might have against Yudkin for misleading the court. This eventually led to Yudkin filing a defamation claim in federal court against both Imbody and his lawyer, seeking more than $500,000 in damages. The suit was later dismissed by the federal court.

Lastly, the disciplinary investigation in Indiana found that Yudkin "selectively quoted the language of Trial Rule 59(C) in a matter that inaccurately suggested [Imbody's [motion to correct error] would have been untimely regardless of whether it have been filed on April 29 or May 2."

As a result of these actions, the Indiana Supreme Court in a published order found three different violations of the Indiana Professional Conduct Rules:

---

[2] SCR 3.435(4)(b) ("...that misconduct established warrants substantially different discipline in this State.").

3

- Rule 3.1 (asserting a position for which there is no non-frivolous basis in law or fact (same substantively as Kentucky's SCR 3.130(3.1));
- Rule 3.3(a)(1) (knowingly making a false statement of fact or law to a tribunal or failing to correct false statements of fact or law) (same substantively as Kentucky's SCR 3.130(3.3)(a)(1)); and
- Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (same as Kentucky's SCR 3.130(8.4)(c)).

Upon consideration of the KBA's motion and Yudkin's response, we cannot say that his conduct, which consisted of affirmatively misrepresenting facts to the trial court and the appellate court, and the sanction imposed by the Indiana Supreme Court would "warrant substantially different discipline in this State." Yudkin purposely mislead both the trial court and the appellate court in Indiana. Furthermore, in response to Imbody's reasonable interest in exploring a possible claim against Yudkin, Yudkin instituted what has been termed a frivolous lawsuit that was dismissed by a federal district court.

Yudkin has failed to provide a legally sufficient reason why this Court should not impose reciprocal discipline concurrent with that imposed in Indiana. Accordingly, this Court ORDERS that Franklin Yudkin's license to practice law in the Commonwealth of Kentucky is suspended for a period not less than 90 days, beginning December 8, 2016.

4

Accordingly, the Court ORDERS:

1) Franklin S. Yudkin is subject to reciprocal discipline under SCR 3.425 based on the Supreme Court of Indiana's conclusions that Yudkin violated three rules of the Indiana Rules of Professional Conduct;

2) He is hereby suspended from the practice of law in the Commonwealth of Kentucky for 90 days, beginning on the date of the rendition of this order, and to run concurrently with his suspension in Indiana;

3) Yudkin's reinstatement to the Kentucky Bar is contingent on satisfying all requirements set forth within the Indiana Supreme Court Order; AND

4) Yudkin must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Yudkin must also simultaneously provide a copy of all notification letters to the Office of the Bar Counsel. Also, to the extent possible, Yudkin must cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: March 23, 2017.

CHIEF JUSTICE JOHN D. MINTON, JR.

5