RESPONDENT PRO SE
Marcus E. Ellison
South Bend, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 71S00-1704-DI-187



IN THE MATTER OF:

MARCUS E. ELLISON,

*Respondent.*

Attorney Discipline Action
Hearing Officer William J. Boklund

**December 20, 2017**

**Per Curiam.**

We find that Respondent, Marcus Ellison, committed attorney misconduct by neglecting an appeal and thereafter engaging in a pattern of dishonesty in an effort to cover up his neglect. For this misconduct, we conclude that Respondent should be suspended for at least 90 days without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Disciplinary Complaint." Respondent's 2001 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Disciplinary Complaint" against Respondent on April 4, 2017. Respondent was served with the complaint but did not respond. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Respondent agreed to represent "Client" in an appeal from the denial of Client's petition to expunge her misdemeanor theft conviction. Respondent supervised a pro bono expungement clinic sponsored by Ivy Tech and staffed by students, but Respondent had never done an appeal. Respondent filed a notice of appeal in September 2015, and notice of completion of the transcript was filed in November 2015, making an appellant's brief due in December 2015.

Respondent did not timely file an appellant's brief. Thereafter, Client emailed Respondent several times to inquire about the status of her appeal. Twice, Respondent replied by falsely implying that a brief had been filed.

In March 2016, an entry was made on the online appellate docket indicating the appeal was being transmitted for dismissal due to the failure to file an appellant's brief. Client saw this entry and emailed Respondent, demanding an explanation and a file-marked copy of the brief Respondent claimed to have filed. Respondent did not promptly reply to this email. Instead, Respondent tendered to the Court of Appeals a motion for leave to file the appellant's brief belatedly. In that motion, Respondent falsely stated that he had prepared an appellant's brief "which was to be appended to transcript and notice of appeal but was apparently not attached." This tender was defective for multiple reasons and was not accepted by the Clerk for filing.

2

Meanwhile, Respondent emailed a copy of the tendered appellant's brief to Client, who replied by pointing out to Respondent that the brief had not been accepted for filing.

On March 31, 2016, the Court of Appeals dismissed Client's appeal with prejudice. Respondent did not inform Client of the dismissal or take any steps to have the appeal reinstated.

Client filed a grievance with the Commission. During the Commission's investigation, Respondent gave multiple differing explanations for his failure to timely file an appellant's brief, at least two of which were knowingly false.

## Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1:  Failing to provide competent representation.

1.3:  Failing to act with reasonable diligence and promptness.

1.4(a)(3):  Failing to keep a client reasonably informed about the status of a matter.

1.4(b):  Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

3.3(a)(1):  Knowingly making a false statement of fact to a tribunal.

8.1(a):  Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Both parties have filed briefs addressing the issue of sanction. The Commission urges us to suspend Respondent for at least 90 days without automatic reinstatement. Respondent characterizes this sanction as "excessive" but does not otherwise specify what discipline he believes would be appropriate. The hearing officer declined to make a sanction recommendation.

3

Respondent has no prior discipline, and standing alone his neglect of a single appeal might have warranted a comparatively minor sanction. *See, e.g.*, Matter of Brown, 973 N.E.2d 562 (Ind. 2012) (approving an agreed 30-day suspension with automatic reinstatement for neglect of a criminal appeal). But Respondent's pattern of dishonesty is very troubling and elevates this into a much more serious offense. Respondent lied to Client, to the Court of Appeals, and to the Commission, all in an attempt to cover up his neglect. Moreover, Respondent has not accepted responsibility for any wrongdoing or demonstrated any insight into his misconduct. Indeed, Respondent elected not to participate in proceedings before the hearing officer, and the approximately one-page sanction brief Respondent filed with this Court is devoid of any mention of his multiple dishonest acts. Under these circumstances, we agree with the Commission that Respondent should be suspended for at least 90 days without automatic reinstatement. *See* Matter of Yudkin, 61 N.E.3d 1169 (Ind. 2016); Matter of Loiseau, 957 N.E.2d 609 (Ind. 2011).

## Conclusion

The Court concludes that Respondent violated Professional Conduct Rules 1.1, 1.3, 1.4(a)(3), 1.4(b), 3.3(a)(1), 8.1(a), and 8.4(c). For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, effective January 31, 2018. Respondent shall not undertake any new legal matters between service of this opinion and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.