



**FILED**

Aug 08 2018, 11:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 71S00-1704-DI-187

## In the Matter of
## Marcus E. Ellison
*Respondent.*

---

Decided: August 8, 2018

Attorney Discipline Action

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Marcus Ellison, engaged in conduct in contempt of this Court by failing to comply with our opinion suspending him from practice. As sanctions for his contempt, we extend Respondent's suspension, order him to pay a fine, and order Respondent to serve 15 days in prison if the fine is not timely paid.

This matter is before the Court on the Indiana Supreme Court Disciplinary Commission's "Verified Motion for Rule to Show Cause." Respondent's 2001 admission to this state's bar and his unauthorized practice of law in this state while suspended subject him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Discussion

On December 20, 2017, this Court issued an opinion suspending Respondent from the practice of law for at least 90 days without automatic reinstatement, effective beginning January 31, 2018. Respondent's misconduct involved neglect of an appeal and pervasive dishonesty toward his client, the Court of Appeals, and the Commission. *Matter of Ellison*, 87 N.E.3d 460 (Ind. 2017). That suspension remains in effect.

The Commission filed a "Verified Motion for Rule to Show Cause" on April 16, 2018, asserting Respondent practiced law and held himself out as an attorney while suspended. Specifically, the Commission alleges that on separate occasions in February 2018 Respondent (1) attempted to engage in settlement discussions with opposing counsel on behalf of "Client 1," and (2) identified himself as counsel for "Client 2" and sought electronic copies of discovery from opposing counsel in that case.

The Commission's verified motion asserts further that Respondent has failed to comply with the duties of a suspended attorney under Indiana Admission and Discipline Rule 23(26) as ordered by this Court. Specifically, the Commission alleges among other things that Respondent has failed to provide notice of his suspension in every pending matter in which he has filed an appearance and has failed to withdraw as counsel in

those pending matters. The Commission alleges that Respondent's failure to comply with the requirements of Rule 23(26) that he withdraw from clients' cases and make appropriate arrangements to transition those cases to successor counsel or pro se representation has actively harmed the interests of "Client 3," against whom summary judgment and final judgment were sought and awarded while Respondent was suspended and unable to file anything on Client 3's behalf.

The Court issued an order to show cause on April 17, 2018. Respondent filed a response on May 1, 2018, and the parties filed additional responsive pleadings thereafter. Respondent's responses are not verified, nor do they directly contradict the factual allegations made by the Commission in its verified motion. With respect to Client 1, Respondent points to settlement discussions that he claims occurred prior to his suspension taking effect, but Respondent does not deny the Commission's allegation that he attempted to engage opposing counsel in a settlement discussion after his suspension became effective. With respect to Client 2, Respondent admits that after the effective date of his suspension he sent an email to opposing counsel in which he requested discovery, identified himself as "the listed attorney on this matter," stated "I am local counsel for the client," and informed opposing counsel that "I have been asked to withdraw." And with respect to Client 3, Respondent implicitly acknowledges his failure to comply with the requirements of Rule 23(26) but claims without any support that the entry of summary judgment against Client 3 was the result of a settlement reached months earlier, prior to his suspension taking effect.

Based on the above, we find that Respondent has violated this Court's opinion suspending him from the practice of law as asserted by the Commission in its verified motion.[1] And as we did in another opinion handed down today, we conclude that a fine and extension of Respondent's suspension are warranted here, and that Respondent should

---

[1] We do not address an additional allegation of contempt with respect to "Client 4," which was asserted by the Commission for the first time in an unverified responsive pleading.

serve a period of imprisonment if he fails to timely pay his fine in full. *See Matter of Huston*, ___ N.E.3d ___ (Ind. Aug. 8, 2018).

## Conclusion

We conclude that Respondent engaged in conduct in contempt of this Court by failing to comply with our opinion suspending him from practice, and we impose the following sanctions for Respondent's contempt.

The Court **fines Respondent $750**. Respondent shall remit this amount **within thirty (30) days of service of this opinion** to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

**If Respondent fails to pay the $750 fine in full by the deadline set forth above, this Court shall order Respondent to serve a term of imprisonment for a period of 15 days**, without the benefit of good time, and the Sheriff of the Supreme Court of Indiana will be directed to take Respondent into custody and turn him over to the Indiana Department of Correction. Respondent may avoid said imprisonment only upon payment in full of the $750 fine assessed against him within the deadline set forth above. In the event Respondent fails to timely pay his $750 fine in full and serves the resulting term of imprisonment, Respondent thereafter shall be released from the obligation to pay the assessed fine.

Finally, the Court orders that the minimum length of Respondent's current suspension from the practice of law in this state be extended and that Respondent remain suspended **for a period of not less than one year, without automatic reinstatement, effective from the date of this opinion.**

The costs of this proceeding are assessed against Respondent and will be taxed by separate order.

All Justices concur.

RESPONDENT PRO SE
Marcus E. Ellison
South Bend, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana