Franklin S. Yudkin was admitted to the practice of law in the Commonwealth of Kentucky on August 1, 1970. Pursuant to Kentucky Supreme Court Rule (SCR) 3.510, he has applied for reinstatement of his bar license following a reciprocal disciplinary suspension. His Kentucky Bar Association (KBA) member number is 79590 and his bar roster address is 8615 Broecher Boulevard, Louisville, Kentucky 40241. The Character and Fitness Committee recommended approval of his application for reinstatement, and the Board of Governors (Board) unanimously agreed. We agree with the Board and therefore approve Yudkin's application for reinstatement.
FACTS AND PROCEDURAL HISTORY
Yudkin was admitted to the Kentucky Bar in 1970, the Connecticut Bar in 1971, and the Indiana Bar in 1988. Yudkin has spent most of his career practicing in Kentucky and Indiana representing creditors in collection matters. Prior to the current discipline, he has had no disciplinary actions against him.
On October 25, 2016, the Supreme Court of Indiana issued an order suspending Yudkin due to his conduct in a case in which he represented a bank in a collection action against a pro se defendant. Following a bench trial, the trial court entered judgment in favor of the bank for approximately $ 25,000. After the judgment was entered, the defendant filed a motion to correct an error. Yudkin represented to the trial court in multiple pleadings and, later on appeal, that the motion was not timely filed. However, Yudkin looked at the date the defendant's motion was listed on the chronological case summary, rather than the date the motion was actually filed. The trial court denied the defendant's motion to correct an error as untimely filed. When the defendant appealed, the Court of Appeals granted Yudkin's motion to dismiss the defendant's appeal as untimely - a motion in which Yudkin knowingly misrepresented that the motion to correct an error had been filed late. The defendant moved for rehearing, pointing out that his *200 original motion was timely filed. The appellate court reversed the trial court and held that the initial collection action by the bank against the defendant was time barred and vacated the judgment.
Yudkin contended that his first misstatement to the trial court about the filing date was not deliberately made, due to his error in looking at the date on the case summary rather than the date the motion was actually filed. However, he also admitted that his subsequent misstatements to the trial court and the Court of Appeals were made despite his actual knowledge that the motion was timely filed. The defendant retained an attorney to evaluate a potential claim against Yudkin based on his misleading assertions in the collection action and the appeal. In conversations between Yudkin and the attorney, Yudkin demanded a retraction of the allegation that he had misled the courts regarding the filing date of the motion for error correction. Eventually, Yudkin filed a defamation claim in federal court against the defendant and his lawyer, seeking over $ 500,000 in damages. The lawsuit was later dismissed by the federal court. In response to the federal lawsuit, the defendant filed a grievance against Yudkin with the Indiana Supreme Court Disciplinary Commission.
The Supreme Court of Indiana initiated disciplinary proceedings against Yudkin and found that he violated three of the Indiana Professional Conduct Rules, ultimately suspending him for 90 days on October 25, 2016.[1] In re Yudkin, 61 N.E.3d 1169 (Ind. 2016). Yudkin self-reported the Indiana discipline to the KBA and this Court imposed reciprocal discipline of a 90-day suspension on March 23, 2017, to run concurrently with his Indiana suspension. Kentucky Bar Ass'n v. Yudkin, 518 S.W.3d 149 (Ky. 2017). Yudkin was reinstated to the Indiana Bar on June 19, 2018.
On July 31, 2018, Yudkin filed for reinstatement in Kentucky. The KBA has certified that there are no pending disciplinary actions against Yudkin as of April 19, 2019. The Character and Fitness Committee issued an extensive report, ultimately recommending that Yudkin's application be approved. On February 13, 2019, Bar Counsel filed a motion recommending that the Board accept the recommendation of the Character and Fitness Committee. Yudkin has also completed his continuing legal education (CLE) requirements through the education year ending June 30, 2019. In reviewing the entire record, the Board voted unanimously to reinstate Yudkin to the practice of law in Kentucky.
CONCLUSION
We agree with and accordingly accept the Board's recommendation that Franklin S. Yudkin's application for reinstatement to the practice of law be approved.
It is therefore ORDERED:
1. Franklin S. Yudkin's application for reinstatement to the Kentucky Bar Association is approved pursuant to SCR 3.510, subject to paragraph 2 below.
2. Pursuant to SCR 3.510(1), Yudkin is directed to pay all costs associated with *201 these disciplinary proceedings, in the amount of $ 515.56. If the KBA costs exceed the posted bond, Yudkin will pay for any additional costs. This order of reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs in this action.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting. All concur.

The Indiana disciplinary proceedings alleged Yudkin violated the following Indiana Rules of Professional Conduct:
Rule 3.1: A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous....
Rule 3.3(a)(1): A lawyer shall not knowingly (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]
Rule 8.4(c): It is professional misconduct for a lawyer to ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]